UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| EDWARD PATRICK, | ) CASE NO. 1:05 CV 2791 |
| Plaintiff, | ) |
| -vs- | ) MEMORANDA AND ORDERS |
| | ) GRANTING MOTION FOR LEAVE TO |
| | ) FILE SECOND AMENDED COMPLAINT, |
| CLEVELAND SCENE PUBLISHING, | ) GRANTING DEFENDANTS' MOTION TO |
| LLC, et al., | ) EXTEND DEADLINES AND DENYING |
| | ) DEFENDANTS' MOTION FOR |
| Defendants. | ) REIMBURSEMENT |

UNITED STATES DISTRICT COURT JUDGE LESLEY WELLS

In this privacy and defamation case, plaintiff Edward Patrick ("Mr. Patrick") moves the Court for leave to file a Second Amended Complaint to assert a newly available claim of "false light" invasion of privacy.  (Doc. 86).  The Ohio Supreme Court recently recognized "false light" invasion of privacy as a viable cause of action in <u>Welling v. Weinfeld</u>, 113 Ohio St. 3d 464, 866 NE 2d 1051 (Ohio 6 June 2007).  Defendants Cleveland Scene Publishing, LLC, and Thomas Francis (collectively "the Scene") oppose the motion on the grounds of futility and undue prejudice.  (Doc. 87).  In the alternative, should the Court grant leave for the amended complaint, the Scene moves

for an extension of deadlines to accommodate any additional discovery and for reimbursement for expenses incurred defending against the new "false light" claim. Id. Mr. Patrick has replied to the Scene's brief in opposition. (Doc. 90).

For the reasons discussed below, the Court will grant Mr. Patrick's motion for leave to add an allegation of "false light" invasion of privacy in a Second Amended Complaint. To accommodate the new claim, the Court will grant the Scene's motion to reschedule the pre-trial discovery timetable as detailed below. Finally, the Scene's motion for reimbursement for anticipated expenses to address the new allegation will be denied.

Fed. R. Civ. P. 15(a) directs that when a party is required to seek leave of court in order to file an amended pleading, "leave shall be freely given when justice so requires." In Foman, the United States Supreme Court indicated the rule is to be interpreted liberally, and in the absence of undue delay, bad faith, or dilatory motive on the part of the party proposing an amendment, leave should be granted. Foman v. Davis, 371 U.S. 178 (1962). In Zenith Radio Corp., the United States Supreme Court indicated that mere delay, of itself, is not a reason to deny leave to amend, but delay coupled with demonstrable prejudice either to the interests of the opposing party or of the Court can justify such denial. Zenith Radio Corp. v. Hazeltine Research, Inc., 401 U.S. 321 (1971)

The Sixth Circuit Court of Appeals has construed this rule broadly to enable leave to amend a complaint in the absence of "undue delay in filing, lack of notice to the opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendments, undue prejudice to the opposing party, and futility of

2

amendment." Coe v. Bell, 161 F.3d 320, 341 (6th Cir. 1998); see also Foman, 371 U.S. at 715.

>The Court of Appeals has, additionally, noted:

> [i]n determining what constitutes prejudice, the court considers whether the assertion of the new claim or defense would: require the opponent to expend significant additional resources to conduct discovery and prepare for trial; significantly delay the resolution of the dispute; or prevent the plaintiff from bringing a timely action in another jurisdiction.

Phelps v. McClellan, 30 F.3d 658, 662-63 (6th Cir. 1994).  See also Moore v. City of Paducah, 790 F.2d 557 (6th Cir. 1986).

In deciding whether any prejudice to the opposing party is "undue" the Court focuses on, among other things, whether an amendment at any stage of the litigation would make the case unduly complex and confusing, see Duchon v. Cajon Co., 791 F.2d 43 (6th Cir. 1986), and inquires into whether the defending party would have conducted the defense in a substantially different manner had the amendment been tendered previously.  General Electric Co. v. Sargent and Lundy, 916 F. 2d 1119, 1130 (6th Cir. 1990).

The Court of Appeals has also identified a number of additional factors which the District Court should consider in determining whether to grant a motion for leave to file an amended pleading.  These factors include whether there has been a repeated failure to cure deficiencies in the pleading, and whether the amendment itself would be an exercise in futility.  Robinson v. Michigan Consolidated Gas Co., 918 F.2d 579 (6th Cir. 1990).  A proposed amended complaint is adjudged to be futile when it would not survive a Rule 12(b)(6) motion to dismiss.  Rose v. Hartford Underwriters Ins., 203 F.3d 417, 420 (6th Cir. 2000).

In opposition to Mr. Patrick's request for leave to amend his Complaint, the Scene asserts the addition of an allegation of "false light" invasion of privacy is futile and would result in undue prejudice.  (Doc. 87).  First, the Scene maintains the introduction of a "false light" claim is futile because "the proposed claim is identical to [Mr. Patrick's] existing claims for defamation and seeks damages for the same injury."  Id. at 4.  Further, the Scene asserts Mr. Patrick's claim "fails to reference any injury at all."  Id.

The Court does not find a basis for an assertion of futility in this instance.  Upon the Second Amended Complaint, as alleged, the Court could not render a Rule 12(b)(6) dismissal.  See Rose, 203 F. 3d at 420.  Moreover, the Ohio Supreme Court specifically notes in Welling v. Weinfeld, 113 Ohio St. 3d at ¶ 57, that a "false light" action may afford a plaintiff "an alternative or additional remedy [to defamation] and the plaintiff can proceed upon either theory, although he [or she] can have but one recovery for a single instance of publicity."  Here, it is not futile for Mr. Patrick to assert a newly afforded claim of "injury to the inner person" which parallels his already posited reputational claims.  Welling, 113 Ohio St. 3d at ¶ 47.

Secondly, the Scene contends they will suffer undue prejudice should the Court allow the assertion of the "false light" claim.  Specifically, the Scene maintains they will incur prejudice because the discovery deadline has already passed and the new claim will require "significant additional discovery and other trial preparation," as well as further depositions, as well as re-deposing the plaintiff.  (Doc. 87, p. 7).

Pursuant to this Circuit's decision in Phelps, supra, this Court does not find "undue" prejudice in allowing the assertion of an additional claim for "false light" invasion of privacy.  Given the nature of the reputational claims already in discovery, and the

4

parallel aspects between the defamation and "false light" claims, see Denver Publishing Co. v. Bueno (Colo. 2002), 54 P. 3d 893, the Court determines the additional claim, even at this juncture in the proceedings, will not require the Scene to expend significant additional resources to conduct discovery and prepare for trial. See Welling, 113 Ohio St. 3d at ¶ 44. Moreover, the narrow circumstances of this motion for leave to amend – the advent of a heretofore unrecognized tort claim in Ohio – does not put into play the typical, equitable, consideration of undue delay.

Accordingly, the Court will grant Mr. Patrick's motion for leave to file his Second Amended Complaint to accommodate a newly asserted claim of "false light" invasion of privacy.

The Court will grant the Scene's motion to extend all deadlines and, hereby, revises the Case Management schedule as follows:

| | |
|---|---|
| Fact Discovery cut-off: | 17 September 2007 |
| Joint-Stipulations of Fact: | 24 September 2007 |
| Settlement Conference: | 15 October 2007 |
| Expert Discovery cut-off: | 16 November 2007 |
|     Plaintiff's Expert Report: | 28 September 2007 |
|     Defendants' Expert Report: | 29 October 2007 |
| Dispositive motions due date: | 4 January 2008 |
| Telephonic Status Conference:<br>    Court will initiate | 26 September 2007 @ 9:00 a.m. |

5

Finally, as the Court finds any additional discovery likely to be minimal, the Scene's motion for reimbursement for expenses incurred in defending the new "false light" claim is denied.

IT IS SO ORDERED.

                                                   /s/Lesley Wells
                                      UNITED STATES DISTRICT JUDGE